Dear Representative Proffer:
This letter is in response to your request for an opinion as to whether any part of an appropriation "[f]or the purpose of funding the annual lease/purchase cost of a maximum/medium security correctional facility" made as part of Section 9.201 of the Conference Committee Substitute for House Bill No. 9, Eighty-Third General Assembly can be used "to pay for preparation of a request for proposal that includes program development, cost estimates, quality standards, conceptual drawings and other matters relative to requesting proposals for a lease/purchase project but not directly related to an annual lease/purchase cost?"
Article IV, Section 23 of the Missouri Constitution requires the legislature to specify the amount and purpose of each appropriation. In accordance with that provision, Section 9.201 of the Conference Committee Substitute for House Bill No. 9 specifies that an appropriation be made:
 To the Department of Corrections and Human Resources For the Division of Adult Institutions For the purpose of funding the annual lease/purchase cost of a maximum/medium security correctional facility From General Revenue Fund . . . . $4,642,000
Article IV, Section 28 of the Missouri Constitution provides that every expenditure made or obligation incurred shall be made pursuant to the purpose of an appropriation.
The Department of Corrections and Human Resources seeks to use a portion of the appropriation to enter into a consulting agreement with a private corporation whereby the corporation prepares an "RFP" (Request for Proposals) for the lease/purchase of a five hundred-bed medium/maximum security correctional facility and then represents the state during the planning, bidding, design, construction and warranty period of the lease/purchase correctional facility. Your query appears to raise two issues. First, are the expenses of the request for proposals related to the lease/purchase cost? Second, does the reference to "the annual" lease/purchase cost limit the Department of Corrections and Human Resources to contracting for services to be performed one year at a time?
The purpose of the appropriation is to obtain the services of a medium/maximum security correction facility. Presumably, the legislature intended the Department to spend its appropriation efficiently in order to get the most return per dollar spent. Because efficient spending requires planning, it could well be that money spent planning the lease/purchase project is a necessary expenditure. The appropriation is a general one leaving the Department of Corrections and Human Resources to determine how the funds might best be used to achieve this purpose. This office has consistently advised its clients that an expenditure necessary to further the purpose of an appropriation may be made with the appropriated funds. See
Opinion No. 73, dated October 19, 1953, to Ragland, copy enclosed.
The second part of your query appears to concern the effect of the words "the annual" as a limitation on the use of the appropriated funds. Given that it is reasonable to plan the lease/purchase expenditure, the Department of Corrections and Human Resources is faced with a pair of alternatives. It can either plan the whole project at once or plan one year at a time. Because individual one-year plans can lead to a duplication of effort or inconsistent results, it appears that the decision to plan the whole project at once, at the outset, is the rational alternative.
This global approach to planning is justified so long as it directly relates to the stated purpose of the appropriation. In the present case, although the planning expenditure is directly related to actions to be taken this year, the expenditure probably will affect subsequent years, too. In particular, planning now should result in future efficiency. Expenditures and encumbrances made pursuant to an appropriation are not void simply because their effects extend beyond the stated purpose of the appropriation. Note that if the Department's actions related exclusively to future years, it would not directly relate to the stated purpose of the appropriation. This conclusion is consistent with prior opinions from this office. See Opinion No. 59, dated January 28, 1954, to McHaney, copy enclosed.
Funds appropriated under Section 9.201 of the Conference Committee Substitute to House Bill No. 9 may be used for the stated purpose of the appropriation and as necessary to effectuate the stated purpose. Although all expenditures must directly relate to the stated purpose, expenditures are not void merely because they have effects beyond the stated purpose.
Yours very truly,
 WILLIAM L. WEBSTER Attorney General
Enclosures:
 Opinion No. 73, Ragland, 1953 Opinion No. 59, McHaney, 1954